IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
FEB - 3 2016
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| PETE HERNANDEZ,<br>    Plaintiff<br><br>V.<br><br>JESUS SANCHEZ, JOHN SIKOSKI<br>AND ROBERT ESCAMILLA<br>    Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    Case No. 1:14-CV-492-LY |

# INSTRUCTIONS FOR THE JURY

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

# GENERAL INSTRUCTIONS

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only argument. It is important for you to distinguish between the argument of counsel and the evidence on which that argument rests. What the lawyers say or do is not evidence. You may, however, consider their argument in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the argument. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

## A.   CONSIDERATION OF THE EVIDENCE

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial

evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

You are required to evaluate the testimony of a law-enforcement officer as you would the testimony of any other witness. No special weight may be given to his testimony because he is a law-enforcement officer.

B.     **EVIDENCE IN THE CASE**

If a lawyer asked a witness a question that contained an assertion of fact, you may not consider the lawyer's assertion as evidence of that fact. The lawyers' statements are not evidence. When, however, the lawyers on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard the fact as proved.

Unless you are otherwise instructed, the evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.

Any evidence as to which an objection was sustained by the court, any evidence ordered stricken by the court, and any testimony, exhibit, or conduct that the court has instructed you to disregard must not be considered by you and must not be used for any purpose in reaching your verdict.

C.     **EVIDENCE FOR A LIMITED PURPOSE**

During the course of this trial I may have instructed you that I admitted certain evidence for a limited purpose or that you may consider some testimony as evidence against one party but not against another or for a certain purpose and not for others. You may consider such evidence only for the specific limited purpose for which it was admitted.

### D.     ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

### E.     EXPERT WITNESS

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to determine the credibility or believability of the expert witness and the weight to be given the expert's testimony. You may decide to rely on the expert's testimony in part or in whole, or to disregard that testimony completely.

### F.     IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or whether there was evidence that at some other time the witness said or did something or failed to say or do something, that was different from the testimony the witness gave at this trial.

A simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of

memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

### G. DEPOSITION TESTIMONY

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been shown to you today. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

### H. BURDEN OF PROOF

Plaintiff Pete Hernandez has the burden of proving his case by a preponderance of the evidence. The preponderance-of-the-evidence standard means that a party has to produce evidence that, when considered in light of all of the facts, leads you to believe that what that party alleges is more likely true than not. Preponderance of the evidence is merely the greater weight of the credible evidence.

In determining whether any fact has been proved by a preponderance of the evidence in this case, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have

produced them. If you find that Plaintiff Pete Hernandez has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

## STIPULATED FACTS

You are instructed that the parties have agreed or stipulated to the following list of facts. This means both sides agree that these facts are true. You must therefore treat these facts as having been proved.

1. On June 7, 2012 in Austin, Texas, Pete Hernandez was at the Wal-Mart located at 9300 S I-35 Frontage Road, Austin, Texas.

2. Hernandez left the Wal-Mart and proceeded to his car with a bag of burgers in hand.

3. While Hernandez was exiting the Wal-Mart, a stolen vehicle was sitting near the handicapped parking spaces near the front of the Wal-Mart.

4. Police officers were at the scene to investigate the stolen vehicle.

5. Hernandez had no involvement with the stolen vehicle or the people later arrested for having stolen the vehicle.

6. Hernandez walked through the parking lot by the stolen vehicle to get to his car further into the parking lot.

7. Hernandez only had a bag of hamburgers in his hand at the time Officer Jesus Sanchez tackled him.

8. Officer Jesus Sanchez tackled Pete Hernandez from the front.

9. Hernandez was handcuffed and placed in the back of the police cruiser without a seatbelt.

10. The suspect in the stolen vehicle told the police officers that she did not know

Hernandez.

11. After they apprehended the other suspect, the officers let Hernandez go.

12. Hernandez had back surgery on August 18, 2015.

13. At all times relevant to the action, Officers John Sikoski, Jesus Sanchez, and Robert Escamilla were acting under color of state law.

## SPECIFIC INSTRUCTIONS

I will now instruct you on the specific law to be applied in this case.

### INSTRUCTIONS FOR QUESTIONS 1 AND 2

Plaintiff Pete Hernandez claims that Defendants Jesus Sanchez and Robert Escamilla violated Plaintiff Pete Hernandez's constitutional right to be free from the use of excessive force. To recover damages for this alleged constitutional violation, Plaintiff Pete Hernandez must prove by a preponderance of the evidence that:

1. Defendant Jesus Sanchez or Defendant Robert Escamilla committed an act that violated the constitutional rights Plaintiff Pete Hernandez claims were violated; and

2. Defendant Jesus Sanchez's or Defendant Robert Escamilla's acts were the cause of Plaintiff Pete Hernandez's damages.

There are three defendants in this case. You are instructed to consider the actions of each Defendant separately unless the instructions say otherwise.

The Fourth Amendment to the United States Constitution prohibits law-enforcement officers from using unreasonable or excessive force, even when the arrest or detention is otherwise proper. To prevail on a Fourth Amendment excessive-force claim, Plaintiff Pete Hernandez must prove the following by a preponderance of the evidence:

1. an injury;

2. that the injury resulted directly from the use of force that was excessive to the need; and

3. that the excessiveness of the force was objectively unreasonable.

To determine whether the force used was reasonable under the Fourth Amendment, you must carefully balance the nature and quality of the intrusion on Plaintiff Pete Hernandez's right to be protected from excessive force against the government's right to use some degree of physical coercion or threat of coercion to make an arrest or investigatory stop. Not every push or shove, even if it may later seem unnecessary in hindsight, violates the Fourth Amendment. In deciding this issue, you must pay careful attention to the facts and circumstances, including the severity of the crime at issue, whether Plaintiff Pete Hernandez posed an immediate threat to the safety of the officers or others, and whether he was actively resisting or attempting to evade arrest.

Finally, the reasonableness of a particular use of force is based on what a reasonable officer would do under the circumstances and not on this defendant's state of mind. You must decide whether a reasonable officer on the scene would view the force as reasonable, without the benefit of 20/20 hindsight. This inquiry must take into account the fact that police officers are sometimes forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

If you find that Plaintiff Pete Hernandez has proved by a preponderance of the evidence that the force used was objectively unreasonable, then Defendant Jesus Sanchez or Defendant Robert Escamilla violated Plaintiff Pete Hernandez's Fourth Amendment protection from excessive force and your verdict will be for Plaintiff Pete Hernandez on this claim. If Plaintiff Pete Hernandez failed to make this showing, then the force was not unconstitutional, and your verdict will be for Defendant Jesus Sanchez or Defendant Robert Escamilla or both on the excessive-force claim.

Questions 1 and 2 each correspond to one of the two Defendants against whom Plaintiff Pete Hernandez has an excessive-force claim.

Question 1 asks, "Do you find from a preponderance of the evidence that Defendant Jesus Sanchez violated Plaintiff Pete Hernandez's Fourth Amendment right to be protected from excessive force by using excessive force during the course of Mr. Hernandez's detention?"

Answer "Yes" or "No"

Question 2 asks "Do you find from a preponderance of the evidence that Defendant Robert Escamilla violated Plaintiff Pete Hernandez's Fourth Amendment right to be protected from excessive force by using excessive force during the course of Mr. Hernandez's detention?"

Answer "Yes" or "No"

If you answered "Yes" as to Question 1 or 2, or both, move on to Question 3. If not, answer no further questions.

## INSTRUCTIONS FOR QUESTION 3

In addition to his claims against Defendant Jesus Sanchez and Defendant Robert Escamilla, Plaintiff Pete Hernandez is suing Defendant John Sikoski. A supervisory officer, like Defendant John Sikoski, cannot be held liable merely because his subordinates violated someone's constitutional rights. To prove his claim against Defendant John Sikoski, Plaintiff Pete Hernandez must show that Defendant John Sikoski's own conduct denied Plaintiff Pete Hernandez his constitutional rights.

In this case, Plaintiff Pete Hernandez contends that Defendant John Sikoski violated his constitutional rights by affirmatively participating in the acts that caused the deprivation of rights.

To prevail in his claim against Defendant John Sikoski, Plaintiff Pete Hernandez must prove by a preponderance of the evidence that:

1. someone under Defendant John Sikoski's supervision violated Plaintiff Pete Hernandez's constitutional rights;
2. Defendant John Sikoski acted or failed to act with deliberate indifference to violations of other's constitutional rights committed by the subordinates; and
3. Defendant John Sikoski's actions or failure to act caused Plaintiff Pete Hernandez's injuries.

For an officer to act with deliberate indifference, he must be: (1) aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; and (2) must actually draw that inference. Deliberate indifference requires a showing of more than negligence or even gross negligence.

Question 3 asks "Do you find from a preponderance of the evidence that Defendant John Sikoski violated Plaintiff Pete Hernandez's Fourth Amendment Right to be protected from excessive force by affirmatively participating in the use of excessive force during the course of Mr. Hernandez's detention?"

_____ Answer "Yes" or "No". _____

## INSTRUCTION FOR QUESTION 4

If Plaintiff Pete Hernandez has proved his claim against Defendants Jesus Sanchez, Robert Escamilla, or John Sikoski by a preponderance of the evidence, you must determine the damages to which Plaintiff Pete Hernandez is entitled. You should not interpret the fact that I am giving instructions about Plaintiff Hernandez's damages as an indication in any way that I believe that Plaintiff Pete Hernandez should, or should not, win this case. It is your task to decide whether Defendant Jesus Sanchez, Defendant Robert Escamilla, or Defendant John Sikoski is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant Jesus Sanchez, Defendant Robert Escamilla, or Defendant John Sikoski is liable and that Plaintiff Pete Hernandez is entitled to recover money from Defendant Jesus Sanchez, Robert Escamilla or John Sikoski.

If you find that any Defendant is liable to Plaintiff Pete Hernandez, then you must determine an amount that is fair compensation for all of Plaintiff Pete Hernandez's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff Pete Hernandez whole—that is, to compensate Plaintiff Hernandez for the damage that he has suffered. Compensatory damages are not limited to expenses that Plaintiff Pete Hernandez may have incurred because of his injury. If Plaintiff Pete Hernandez wins, he is entitled to compensatory damages for the physical injury, pain and suffering and mental anguish, if any, that he has suffered because of Defendants' wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff Pete Hernandez proves were proximately caused by Defendants' wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff Pete Hernandez's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize

Defendants. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff Pete Hernandez has actually suffered or that Plaintiff Pete Hernandez is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff Pete Hernandez prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You may award damages for any bodily injury that Plaintiff Pete Hernandez sustained and any pain and suffering, impairment, mental anguish, and loss of capacity for enjoyment of life that Plaintiff Pete Hernandez experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiff Pete Hernandez for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

Question 4 asks, "What do you find from a preponderance of the evidence to be the amount of money, if paid now in cash, that would fairly and reasonably compensate Plaintiff Pete Hernandez for his damages, if any, that he experienced as a result of his injuries?"

Question 4 has eight parts: 4a, 4b, 4c, 4d, 4e, 4f, 4g, 4h each of which corresponds to an element of damages listed below. Consider the elements of damages listed below, and none

other. Consider each element separately. Do not award any sum of money on any element if you have otherwise under some other element awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find. Answer separately, in dollars and cents, for damages, if any. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

4a. Medical Expenses incurred in the past for his care and treatment;

4b. Medical expenses that, in reasonable probability, will be incurred in the future for his care and treatment;

4c. Physical pain and suffering and mental anguish in the past;

4d. Physical pain and suffering and mental anguish that, in reasonable probability, will be incurred in the future;

4e. Disfigurement in the past;

4f. Disfigurement in the future;

4g. Physical impairment in the past; and

4 h. Physical impairment in the future.

## CONCLUDING INSTRUCTIONS

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case. Keep in mind that you must never disclose to anyone, not even to me, your numerical division on any question.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. I will always first show the lawyers your question and my response before I answer your question.

You may now proceed to the jury room to begin your deliberations.

Submitted this 3rd day of February, 2016, at 4:45 o'clock p.m.

_Lee Yeakel_
Lee Yeakel
United States District Judge